UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BONNIE BERMAN, MARIE MARTIN,
JANET DeVITO & LILLIAN SKEETE,

       Plaintiffs,                          **COMPLAINT**

vs.

YONKERS PUBLIC SCHOOLS,
ROBERT RICCIUTI, PRINCIPAL,      **JUDGE KARAS**
EMERSON MIDDLE SCHOOL, sued
as aider and abettor,

                                        **07 CIV. 8010**

       Defendants.
------------------------------------------------------------x

       By and through their counsel, Michael H. Sussman, plaintiffs hereby allege as against defendants:

**PARTIES**

       1. Bonnie Berman worked as a teacher at Emerson Middle School for nine (9) years ending with the 2006-07 school year.

       2. Plaintiff Berman's home address is 1600 Parker Avenue, 23C, Fort Lee, New Jersey 07024.

       3. Plaintiff Berman was born on December 18, 1946.

       4. Plaintiff Marie Martin is currently serving as a teacher at Emerson MS where she has worked for five years.

       5. Plaintiff Martin resides at 3 Sunnybrook Road, Bronxville, NY 10708.

       6. Plaintiff Martin was born on August 27, 1951.

       7. Plaintiff Janet DeVito is currently working as a teacher at Emerson MS.

8. Plaintiff DeVito resides at 2201 Palmer Avenue, Apartment 4M, New Rochelle, NY 10801.

9. Plaintiff DeVito was born on February 16, 1948.

10. Plaintiff DeVito has taught at Emerson for five years, in the Yonkers Public Schools for 16 years and in total for 37 years.

11. Plaintiff Lillian Skeete has recently been transferred from Emerson MS where she worked for eight years.

12. Plaintiff Skeete was born on November 9, 1956.

13. Plaintiff Skeete resides at 13C Scenic Drive, Croton-on-Hudson, New York 10520.

14. Defendant Yonkers Public Schools is a municipal corporation organized pursuant to the laws of the State of New York. Its main office is at One Larkin Plaza, Yonkers, New York 10701, within this judicial district.

15. Defendant Robert Ricciuti currently serves as principal of Emerson Middle School which is located at 160 Bolmer Avenue, Yonkers, NY 10703, within this judicial district.

16. Defendant Ricciuti is less than forty years old and considerably younger than each complainant.

17. Defendant Ricciuti recently completed his third year as principal of Emerson MS.

**JURISDICTION**

18. As each plaintiff timely filed a complaint of age discrimination with the EEOC more than two months ago, this Court has jurisdiction, pursuant to 28 U.S.C. secs. 1331, 1343 (3) & (4) and 1367 and 42 U.S.C. sec. 1988, to hear this matter pursuant to 29 U.S.C. sec. 621, et seq. and section 297 of the Executive Law of the State of New York.

Page -2-

**FACTUAL AVERMENTS**

19. Marie Martin worked as a 6th grade math teacher for 18 years.

20. Martin repeatedly received glowing reviews before the 2005-06 school year.

21. During the 2005-06 school year, Assistant Principal Marwan Sayegh observed her teach a lesson, harshly criticized Martin for this lesson and gave her an unsatisfactory observation report.

22. Martin asked Ricciuti to observe her on numerous occasions, but he did not do so.

23. Upon stating that she would receive a negative annual evaluation for the 2005-06 school year, Ricciuti strongly suggested to Martin that she post out of Emerson at the end of the 2005-06 school year as, he claimed, she could not handle the school.

24. Ricciuti told her to go to an elementary school and made clear he did not want her to return.

25. Based on this pressure, Martin did post-out to an elementary school.

26. When she arrived there, the principal suggested that Ricciuti had identified her as a real troublemaker.

27. Ricciuti's treatment of Martin was not a fair and accurate reflection of her capacity as a teacher, but, rather the consequence of intentional age discrimination.

27A. Defendant Ricciuti provided Janet DeVito a negative annual evaluation at the end of the 2005-06 school year.

28. The evaluation contained baseless substantive comments about DeVito's teaching, though Ricciuti never observed her during that school year.

Page -3-

29. In the 2005-06 school year, DeVito worked as a Title I math instructor [MR-R], a position for which plaintiff DeVito had received extensive training.

30. When she sought to continue in this position, Ricciuti told DeVito she was a "thorn in his side" and had not done anything to raise math test scores in the building.

31. Ricciuti so commented months before the school's math scores were reported and before he knew what they were and his comments reflected animus toward DeVito based on her age..

32. At the end of the 2005-06 school year, as with other plaintiffs, Ricciuti recommended that DeVito leave Emerson and transfer to another school.

33. When DeVito did not do so, for the 2006-07 school year, Ricciuti re-assigned DeVito from Title I Math Instructor to classroom teacher.

34. Ricciuti also deprived plaintiff DeVito of access to technology [Smartboard], which he had praised her for using well the prior year, and gave this equipment to a younger teacher, who was not merely new to the school but untrained.

35. This younger teacher indicated that he did not want this equipment, which then went unused for at least half of the 2006-07 school year.

36. Assistant Principal Sayegh, who is loyal to defendant Ricciuti's agenda, provided DeVito two very negative and baseless walk through observations and an unsatisfactory, baseless formal evaluation during the 2006-07 school year.

37. These observations contained blatantly false statements meant to deprecate DeVito's capacity as a teacher and limit her capacity to serve as a mentor or to do staff development, a role she had successfully performed for two years in Yonkers.

Page -4-

38. Ricciuti also publicly invited DeVito to activities geared to new and untenured teachers, further humiliating her and signaling his discriminatory perception of her.

39. Starting in June 2006, plaintiff DeVito sought to discuss with his supervisors the hostile work environment to which Ricciuti was subjecting her; however, these supervisors failed to meet with her.

40. Bonnie Berman long served Yonkers as a science teacher with excellent observations. In addition, she displayed competency in teaching the three other core subject areas.

41. During the 2005-06 school year, plaintiff Berman well performed her duties.

42. In May 2006, Ricciuti, who did not observe 6th grade teachers, did observe Berman's class.

43. Defendant Riccuiti gave plaintiff Berman an unsatisfactory evaluation, the first one Berman received in 22 years of teaching.

44. At the end of the 2005-06 school year, Ricciuti gave Berman a negative annual evaluation and strongly suggested that she post out or she would have to write lesson plans, which he would "closely scrutinize".

45. Having received this adverse evaluation, Berman lost her ability to mentor and take other post-retirement assignments.

46. For the 2006-07 school year, Berman was assigned as a language arts teacher.

47. During the 2006-07 school year, Sayegh, an Assistant Principal closely associated with Ricciuti, repeatedly made negative and unfounded comments about Berman's performance.

48. Berman was forced to prepare and hand in some 540 lesson plans for 36 weeks, a

task normally reserved for beginning, not excellent, veteran, teachers.

49. During the 2006-07 school year, Ricciuti and his agents forced Berman to do this extra work and threatened her with another unsatisfactory evaluation.

50. At the end of the 2006-07 school year, without justification and in a further effort to have her leave Emerson, Ricciuti gave plaintiff Berman a second consecutive negative formal evaluation.

51. As part of his age discriminatory design, defendant Ricciuti placed young friends or friends of his family in positions created by departing older teachers who he harassed and forced to leave Emerson.

52. At staff development meetings, Ricciuti spoke about staff burnout, a reference to the older teachers, as he has praised young up and coming stars amongst the faculty.

53. Plaintiff Lillian Skeete has an excellent record as a teacher, but during the 2006-07 school year, she, too, received a negative observation from an administrator defendant Ricciuti directed to evaluate her.

54. Such negative observations hinder the recipient from securing future opportunities like mentoring, consulting and/or becoming an administrator.

55. Defendant Ricciuti has also not placed commendation letters written to Skeete in her personnel file, causing her file to reflect only his negative write-ups.

56. As with the other plaintiffs, during the 2006-07 school year, Ricciuti conveyed to Skeete that he did not want her to return to Emerson for the next school year and threatened to harass her if she did so.

57. To this end, in November 2006, Ricciuti started writing negative and false

memoranda about Skeete.

58. Ricciuti had an administrator prepare one classroom observation of Skeete early during the 2006-07 school year and based upon that single negative commentary, he provided Skeete with a negative end-of-year evaluation.

59. Ricciuti continually changed Skeete's schedule and disallowed her from working with her students during their lunch hours.

60. After the filing of the EEOC complaint in this matter, Ricciuti retaliated against Skeete by again changing her schedule, depriving her of a preparation period and accusing her of violating the contract.

61. Ricciuti also falsely accused Skeete of writing and/or distributing a highly deprecating document about him and his accusations caused her to be interrogated, to have her computer taken and to be widely suspected of disrespecting him.

62. Based on this retaliation, Skeet requested, and she was provided, a transfer to another school for the 2007-08 school year.

63. Ricciuti has made work unbearable for these and other teachers over the age of 40.

64. Defendant Riccuiti has explicitly made clear his desire to be rid of the older teachers and to recruit and bring younger teachers to Emerson.

65. Defendant Ricciuti also favored younger teachers, involving them in events and presentations and providing them with fewer classes to teach than older teachers.

66. In proceeding as set forth above, Ricciuti has acted as the agent of and with the full authority of the Yonkers Public Schools.

67. His actions were intentionally discriminatory to plaintiffs and others over the age of

Page -7-

40.

## CAUSES OF ACTION

68. Plaintiffs incorporate paras. 1-67 as if fully incorporated herein.

69. By creating a hostile work environment for plaintiffs on the basis of their age, defendant YONKERS violated the Age Discrimination in Employment Act, 29 U.S.C. sec. 621, et seq.

70. By creating a hostile work environment for plaintiffs on the basis of their age, both defendants violated section 296 of the Executive Law of the State of New York, as made actionable pursuant to section 297 of the Executive Law and 28 U.S.C. sec. 1367.

## PRAYER FOR RELIEF

Plaintiffs pray that this Court:

a) accepts jurisdiction of this matter;

b) awards to plaintiff compensatory damages as provided by state and federal law;

c) awards to plaintiff injunctive relief to remedy the effects of the hostile environment defendants created for them;

d) awards to plaintiff attorneys fees and costs as permitted by law, and

e) enters any other relief warranted and permitted by law and equity.

Respectfully submitted,

_____
MICHAEL H. SUSSMAN [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991

Page -8-

Counsel for Plaintiffs

Dated: September 10, 2007