UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
BONNIE BERMAN, MARIE MARTIN, JANET DEVITO &
LILLIAN SKEETE

                Plaintiff,

     V.

YONKERS PUBLIC SCHOOLS AND                **ANSWER**
ROBERT RICCIUTI, as aider and abettor

                Defendant.               07 CIV. 8010

---------------------------------------------------------------------------x

      Defendants Yonkers Public Schools and Robert Ricciuti, answering the complaint herein by their attorneys, Donoghue, Thomas, Auslander & Drohan, allege as follows:

1. Admit the allegations contained in paragraphs 1 through 17.

2. Deny the allegations contained in paragraph 18 and respectfully refers the Court to the statutes cited for their content and interpretation.

3. Deny knowledge or information as to the truth of the allegations contained in paragraph 19 except admit that Martin was hired as an elementary teacher by the Yonkers Public Schools in September, 2001.

4. Deny the allegations contained in paragraphs 20 and 21 and respectfully refer the Court to the referenced documents for their content and interpretation.

5. Deny the allegations contained in paragraphs 22 through 24.

6. Deny the allegations contained in paragraph 25 except admit that plaintiff Martin voluntarily transferred to an elementary school at the end of the 2005/06 school year.

7. Deny the allegations contained in paragraphs 26 through 27.

8. Deny the allegations contained in paragraph 27A and respectfully refers the Court to the document referred to for its content and interpretation.

9. Deny the allegations contained in paragraphs 28.

10. Deny knowledge or information as to the truth of the allegations contained in paragraph 29 except admit that DeVito worked as a Title I Math Instructor during the 2005/06 school year.

11. Deny the allegations contained in paragraphs 30 except admit that Principal Ricciuti expressed concerns about the performance of the school and teacher DeVito.

12. Deny the allegations contained in paragraphs 31 through 39.

13. Deny the allegations contained in paragraphs 40 through 43 and refer the Court to the documents referred to for their content and interpretation.

14. Deny the allegations contained in paragraph 44 except admit that Berman received an unsatisfactory evaluation in June, 2006.

15. Deny the allegations contained in paragraph 45.

16. Deny knowledge or information as to the truth of the allegations contained in paragraph 46.

17. Deny the allegations contained in paragraphs 47 through 49.

18. Deny the allegations contained in paragraph 50 except admit that plaintiff Berman received an unsatisfactory evaluation and respectfully refers the Court to the document for its content and interpretation.

19. Deny the allegations contained in paragraphs 51 and 52.

20. Deny the allegations contained in paragraph 53 and respectfully refers the Court to the document cited for its content and interpretation.

21. Deny the allegations contained in paragraphs 54 through 70.

<u>As And For A First Affirmative Defense</u>

22. The complaint failed to state a cause of action upon which relief can be granted.

<u>As And For A Second Affirmative Defense</u>

23. Any and all actions taken by or on behalf of the Yonkers School District were taken for legitimate business purposes and were not based on age.

<u>As And For A Third Affirmative Defense on Behalf of Robert Ricciuti</u>

24. All actions taken by the individual defendant Robert Ricciuti with respect to the plaintiffs were taken in the good faith exercise of the power and authority vested in Robert Ricciuti in his capacity as School Principal at Emerson Middle School.  In this good faith exercise of that power and authority, defendant Ricciuti has and claims the defense of official immunity.

<u>Defendants' Request For Attorney Fees</u>

This action in its inception is frivolous and without merit, and judging by the reasonable person standard the plaintiffs and their attorney should have been aware that the case is frivolous and without merit.  As a result of filing of this lawsuit, the Defendants have been required to obtain the services of the undersigned attorneys, and the Defendants are entitled to receive reasonable attorney's fees and costs incurred in this action.

Wherefore, the Defendants respectfully submit that this action must be dismissed with prejudice, that the Defendants should be granted attorney's fee and costs, and that Defendant's should be granted such other and further relief as the Court deems just and proper.

Dated: October 19, 2007

Respectfully submitted,

DONOGHUE, THOMAS, AUSLANDER and DROHAN
Counsel for Defendant Yonkers Public Schools
By: \S\ *Lawrence W. Thomas*
    Lawrence W. Thomas (LT2847)
    700 White Plains Road
    Scarsdale, New York 10583
    (914) 376-8082
    Attorney for Defendant

To:  Michael H. Sussman,
    Sussman & Watkins
    P.O. Box 1005
    Goshen, NY 10924

4

**STATE OF NEW YORK** )
**COUNTY OF WESTCHESTER** ) SS.:
)

     **BERNARD P. PIERORAZIO,** being sworn says: I am the Superintendent of Schools of the Yonkers Public Schools, an educational corporation, one of the parties to the action; I have read the annexed Answer, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

                                     \S\*Bernard P. Pierorazio*
                                     BERNARD P. PIERORAZIO

Sworn to before me this

19th Day of October, 2007

\S\ *Lawrence W. Thomas*
Lawrence W. Thomas
Notary Public State of New York
No. 4667857
Qualified in Westchester County
Commission expires 6/30/10